## LANDIS v. PENNSYLVANIA R. CO.

### No. 4680.

District Court, E. D. New York.

Oct. 20, 1931.

Thomas J. O'Neill, of New York City (Charles D. Lewis, of White Plains, N. Y., of counsel), for plaintiff.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (G. Hunter Mer-

ritt, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This is a motion made by the defendant for a bill of particulars in which the defendant seeks the following relief:

"1. State on what part of the locomotive or its cab it is claimed that the plaintiff's intestate was working at the times mentioned in the fifth article of the complaint.

"2. State what work in connection with his duties as a fireman it is claimed that the plaintiff's intestate was engaged in at the times mentioned in the fifth article of the complaint.

"3. State what it is claimed caused the plaintiff's intestate to be thrown from the locomotive, as set forth in the fifth article of the complaint.

"4. State what negligent or wrongful acts or omissions of the defendant's officers, agents or employees caused the plaintiff's intestate to be thrown from the engine, as alleged in the fifth article of the complaint.

"5. State what defects in the defendant's ways, works, locomotive, plant or equipment it is claimed in the fifth article of the complaint caused the plaintiff's intestate to be thrown from the locomotive.

"6. State in what respect it is claimed in the fifth article of the complaint that the locomotive or its parts or its appurtenances were not in proper or safe condition to operate in the service to which the same were put so that the same might be employed in the active service of the defendant as a common carrier by railroad without unnecessary peril to life or limb.

"7. State in what respect it is claimed in the fifth article of the complaint that the locomotive or its parts or appurtenances were not maintained in safe condition as required by the Safety Appliance Act.

"8. State the ages of the widow and two children at the time of the death of the plaintiff's intestate, referred to in the sixth article of the complaint."

The plaintiff, in her affidavit in opposition to the motion, claims that she is unable to furnish the information sought by the defendant, except her age and that of her children. She requests that, if the motion for the bill of particulars is granted, it be upon condition that the plaintiff be permitted to examine the officers, agents, and employees of the defendant before trial for the purpose of obtaining information.

No provision is made by law for the examination of parties before trial in this court. The case of Heister v. Lehigh & New England R. Co. (D. C.) 50 F.(2d) 928, was cited, in which an examination before trial was permitted to enable the plaintiff in that action to give the particulars required. While the opinion in that case is entitled to great weight, my associates and I have concluded that the procedure in this district is, that no examination before trial directly or indirectly is authorized. Whether an examination before trial is desirable is a matter for Congress and not for this court to decide.

If the plaintiff is without knowledge with respect to any of the particulars ordered, she may state such lack of knowledge under oath in lieu thereof. However, upon obtaining any information with respect to any of the particulars ordered, she shall immediately give such information in a verified bill of particulars to the defendant's counsel.

Motion granted. Settle order on notice.